## Arnot's Administrator *versus* Symonds.

The names of the payees appeared on the back of a note in the usual position of the first endorser, about three inches from the left end, and that of the defendant in the opposite direction, about the same distance from the right end of the note, so that the latter with reference to the former may be said to have been inverted. *Held*, that this irregular endorsement did not relieve the defendant of liability, as he could have recourse against the payees.

June 25th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Tioga county :* Of May Term 1877, No. 200.

Assumpsit by James H. Bosard, administrator of John Arnot against Job W. Symonds, on the following promissory note :—

" $331.84. Elmira, N. Y., Dec. 21st 1872.

Two months after date we promise to pay to the order of Booth, Dounce, Rose & Co., three hundred thirty-one and $\frac{84}{100}$ dollars, value received, at First National Bank of Wellsboro, Pa.

HOUGHTON, ORR & Co."

Endorsed in the position the names are printed below :

BOOTH, DOUNCE, ROSE & CO.

JOB W. SYMONDS.

[Arnot's Adm'r *v.* Symonds.]

Arnot purchased the note before due for value in the regular course of business, without knowledge as to the time when Symonds endorsed the note, whether before or after the payees, Booth, Dounce, Rose & Co. Booth, Dounce, Rose & Co., endorsed the note at the usual and proper place for the payee to endorse, and Symonds's name is written under the name of the payees; and the only irregularity there was about the note or endorsements at the time plaintiff purchased it was the fact that Job Symonds's name, under that of Booth, Dounce, Rose & Co., was inverted.

The evidence showed that Houghton, Orr & Co. were required to furnish security beyond their own firm name. They applied accordingly to the defendant to endorse their note. He endorsed it by writing his name across the back of the note on the right hand end, at about three inches from the end of the paper. In this condition it was sent to the payees. They did not endorse above the name of defendant, but put their endorsement at the other end of the paper, and negotiated the note at the Chemung Canal Bank, owned by the plaintiff. The note went to protest, and the holder sued the defendant as endorser.

The only question was, whether the fact of Symonds's name being endorsed in this irregular manner, a recovery could be had against him by plaintiff.

The court, Williams, P. J., held, under the authority of Eilbert *v.* Finkbeiner, 18 P. F. Smith 243; Losee *v.* Bissell, 26 Id. 459; and Schafer *v.* The Farmers' and Mechanics' Bank, 9 Id. 145, that the defendant was not put fairly in the position of a second endorser by this anomalous endorsement, and was not, therefore, liable, and directed a verdict to be found for him.

The plaintiff took this writ and assigned this action of the court for error.

*M. F. Elliott*, for plaintiff in error.—Because the name of Symonds was inartistically written on the note does not constitute what is called an irregular or anomalous endorsement. There can be no doubt about the right of Symonds, as the endorsements stand, to collect of Booth, Dounce, Rose & Co., the amount which the plaintiff shall recover against him in the action.

*Henry Sherwood* and *C. H. Seymour*, for defendant in error.—It is evident from the position or place of the name of the defendant on the note that he understood that the payees were to assume the place of first endorsers on it, and they not having done so, the defendant is not liable in this case: Eilbert *v.* Finkbeiner, 18 P. F. Smith 243. When the defendant wrote his name on the back of the note he had the right to adopt either end as the upper end, and having written his name right side up between the end and the middle, far enough from the end for the name of the payees above his name, that end of the

[Arnot's Adm'r v. Symonds.]

note became and was the upper end of said note, both to the eye and in fact, and the signature of the payees, whether made in the presence of Mr. Arnot or not, on the note, in the hands of the payees, was evidence that it never had been negotiated by the payees to any one before it was transferred to the bank: Maples v. Brown, 12 Wright 462; Losee v. Bissell, 26 P. F. Smith 459.

Mr. Justice STERRETT delivered the opinion of the court, October 1st 1877.

Suit was brought by the plaintiff in error against the defendant as endorser of a note, made by Houghton, Orr & Co. to the order of Booth, Dounce, Rose & Co. and by them endorsed. The name of the payees appears on the back of the note in the usual position of the first endorser, about three inches from the left end, and that of the defendant is written in the opposite direction, about the same distance from the right end of the note; so that the latter endorsement with reference to the former may be said to be inverted. This inartistic peculiarity, in the relative position of the names, has given rise to the question of defendant's liability as second endorser. This depends on whether the payees, from their position on the note, are to be regarded as first endorsers. If the defendant, in case he is required to pay, will have recourse to the payees, it follows that he is liable, as second endorser, to the holder. Whether he would have such recourse or not is really the test of his liability.

It appears from the testimony that in pursuance of an understanding between the makers and the payees, to the effect that the former were to furnish security, in addition to their firm name, the defendant by request endorsed the note before it was delivered to and endorsed by the payees. This, however, is immaterial, so far at least as the plaintiff is concerned. Both names were on the note, just as they now appear, when it was presented to his bank for discount. He had no knowledge of the transaction except what might be derived from the face of the paper and the position of the endorsements thereon. The only ground of defence was that the defendant's endorsement, as shown by the note itself, was irregular or anomalous, and, therefore, on the authority of Schafer v. Farmers' and Mechanics' Bank, 9 P. F. Smith 145, and kindred cases, he was not liable. The learned judge entertained this view of the case and accordingly directed a verdict for the defendant. In this we think there was error. It cannot be doubted that a person who puts his name on the back of negotiable paper, before the payee has endorsed it, means to pledge, in some shape, his responsibility for the payment of it; and it has been settled by this court, that, in the absence of legal evidence of any different contract, he assumes the position of second endorser, and that to render his engagement binding, as to any holder of the note, the implied condition that

the payee shall endorse before him, must be complied with so as to give him recourse against such payee: Schafer *v.* Bank, *supra ;* Eilbert *v.* Finkbeiner, 18 P. F. Smith 247.   As was said in Herrick *v.* Carman, 12 Johns. 160, the fact of his endorsing first, in point of time, can have no influence, for he must have known, and we are bound to presume that he acted on the knowledge that though the first to endorse, his endorsement would be nugatory unless preceded by that of the payee.   Before the Act of 1853 went into effect it was competent to prove by parol that the irregular endorser agreed to become surety for the maker or undertook to guaranty the payment of the note, &c. ;  but the statute effectually closes the door against this species of proof, and requires such agreement or understanding to be evidenced by some memorandum or note thereof in writing, signed by the party. Hence, in the absence of legal evidence to the contrary, the position of one who endorses in point of time before the payee is that of second endorser, and he cannot be held unless the payee assumes the place of first endorser.   Taking the note then just as it was when presented for discount, what was the legal relation of the endorsers ?   The payees had placed their firm name on the note in the position usually occupied by the first endorser, and there is nothing to justify the inference that they intended to avoid the responsibility which usually attaches to a party occupying that position.   If they had written their name in the same direction and immediately under the endorsement of the defendant, the inference would have been quite plain that they did not intend that he should have recourse to them.   The legal effect of placing their name where it is, without any endorsement above it, is to make them liable as first endorsers.

When the payee negotiates a note made to his own order, he naturally and ordinarily becomes first endorser, and in the absence of competent evidence to the contrary, the holders or endorsees will have recourse to him, if the paper is dishonored.   There is nothing on the face of the note or in the position of the endorsements in this case, to make it an exception to the rule.   The fact that the defendant's name, considered in relation to the payee's endorsement, is inverted, can make no difference.   Instead of having been written in the opposite direction and parallel to that of the payee's, it might have been placed diagonally thereto, or in any other position so that it was not over or above it.   There is no evidence that the plaintiff knew which endorsement was made first in point of time ;  nor would it be material if there was.   The only knowledge he had was such as the paper itself imparted, and from this he had no notice that could in any way affect his right to recover against either of the endorsers.

It may be that this view of their legal relation, as derived from the position of the endorsements, will defeat the object the payees

[Arnot's Adm'r v. Symonds.]

had in requiring the makers to furnish an endorser. If so, it must be accepted as the result of their mistake in taking the note, made to their own order, instead of to the order of the defendant. The same result would flow from the ruling of the court below. If suit were brought against them by the defendant, they could not successfully say that they do not appear on the note as first endorsers, nor would they be permitted to prove by parol that their liability was secondary to that of the defendant.

Judgment reversed, and a *venire facias de novo* awarded.